*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DMP.

---

HALEY COGHLAN,

        Petitioner-Appellee,

v

DMP,

        Respondent-Appellant.

UNPUBLISHED
March 19, 2025
2:18 PM

No. 371282
Ottawa Probate Court
LC No. 24-070607-MI

---

Before: M. J. KELLY, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Respondent appeals by right the probate court's order granting a petition for an involuntary mental-health treatment order. We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

In May 2024, a petition was filed seeking an involuntary mental health treatment order for respondent. The petition alleged that respondent had tangential speech, suffered paranoid delusions, was not oriented to reality, and lacked insight into her need for treatment. As a result of the petition, respondent was evaluated by a physician and was diagnosed with acute psychosis, noting that she was paranoid, delusional, and did not believe that she needed mental health treatment. A psychiatrist also submitted a clinical certificate describing respondent as tangential, paranoid, and focused on discharge. He diagnosed her with unspecified psychosis. Finally, at a hearing on the petition, another psychiatrist testified that he had diagnosed respondent with schizoaffective disorder after examining her. He explained that respondent had delusional thoughts and was refusing all medication. The physician and two psychiatrists that examined respondent each opined that respondent was a risk to herself and others. Respondent testified that she was not taking the medication prescribed, but she explained that she did not believe that she suffered from schizoaffective disorder.

Following the hearing, the probate court found that respondent was a person requiring treatment under MCL 330.1401(1)(c) and ordered involuntary hospitalization.

## II. PERSON REQUIRING TREATMENT

### A. STANDARD OF REVIEW

We review "for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (quotation marks and citation omitted). A probate court abuses its discretion when it "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). And a factual finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*.

### B. ANALYSIS

MCL 330.1401(1)(c) defines the phrase "person requiring treatment:"

> An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and *presents a substantial risk of significant physical or mental harm to the individual or others*. [Emphasis added.]

On appeal, respondent's sole argument is that she is not a "person requiring treatment" because the court did not find that she presented "a substantial risk of significant physical or mental harm to [herself] or others." In support, she directs this Court to the following comments by the trial court:

> I do not believe that [respondent] poses any risk of harm to herself or others. While she may have some delusional thinking and paranoia, I don't believe that that rises to the level of creating a risk of harm to her or anyone else. There is no evidence that [respondent] is unable to complete her activities of daily living, but I do believe that her understanding of the need for treatment is limited.

She contends that reversal is required because MCL 330.1401(1)(c) requires a finding that she presents a substantial risk of significant physical or mental harm to herself or others, and because the court clearly stated that it did not find that she posed such a risk.

However, respondent ignores the remainder of the court's oral findings and the findings in its written order. Although the court made the above comments, it then stated:

> I would find by clear and convincing evidence that [respondent] is a person requiring treatment because she has a mental illness, and her judgment is so impaired by that mental illness and lack of understanding of the need for treatment, has caused her to demonstrate an unwillingness to voluntarily participate in or

adhere to treatment that is necessary on the basis of competent clinical opinion to prevent a relapse or harmful deterioration of her condition, *and presents a substantial risk of significant physical or mental harm to herself or others*. [Emphasis added.]

Moreover, in its written order, the probate court checked the box indicating that, by clear and convincing evidence, respondent satisfied the criteria for Subsection (c), for which the language is nearly identical with that of the probate court's oral finding at the hearing, including that respondent "presents a substantial risk of significant physical or mental harm to herself or others." To the extent that the probate court's oral findings and subsequent written findings conflict, the written findings control. See *Cassidy v Cassidy*, 318 Mich App 463, 509; 899 NW2d 65 (2017).

Moreover, the court's finding that respondent posed a substantial risk of harm to herself or others is not clearly erroneous. At the hearing, the psychiatrist testified that, because of her condition, there was a risk that she would harm herself. That testimony was corroborated by the clinical certificates submitted in support of the petition that were prepared by a physician and a psychiatrist after they had examined respondent. Both concluded that respondent's lack of understanding regarding her need for treatment presented a substantial risk of significant harm to herself or others. The psychiatrist opined that respondent was involuntarily admitted to the hospital after becoming "increasingly manic" and that she was paranoid and had "poor insight of her illness." And the physician stated that respondent was paranoid and delusional and that she did not believe that she needed mental help. Thus, the court's factual finding related to the risk of harm that respondent posed to herself and others was not clearly erroneous.

Affirmed.

/s/ Michael J. Kelly
/s/ Stephen L. Borrello
/s/ Michelle M. Rick

-3-